In the Matter of Woodrow E.U. WILCOX, Jr.

No. 1083S356.

Supreme Court of Indiana.

Sept. 11, 1984.

No appearance for respondent.

Gregory M. Fudge, Staff Atty., Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

## DISCIPLINARY ACTION

PER CURIAM.

The Respondent in this cause has been charged with three counts of misconduct under the *Code of Professional Responsibility for Attorneys at Law.* The Hearing Officer appointed by this Court pursuant to Ind.R.A.D. 23 has filed his findings of fact. The Respondent, though being duly notified, has not made an appearance, either in person or by counsel.

■ Upon examination of all matters submitted herein, we find, generally, that the Respondent, Woodrow E.U. Wilcox, Jr., is an attorney admitted to the Bar of this State in October, 1980. Relative to the charges under Count I of the Complaint, we find that, in 1981, William Tankersley retained the Respondent to obtain for him a release of a federal firearms disability based upon a 1972 felony conviction. The Respondent subsequently moved to California but did not inform Tankersley that he would no longer be practicing in Indiana. The Respondent also failed to return Tankersley's papers or to refund his fee, despite the client's request. In March of 1983, after Tankersley had filed a request for investigation with the Disciplinary Commis-

sion, the Respondent returned the fee, but has yet to return the documents.

It is clear from the foregoing findings that the Respondent neglected a legal matter entrusted to him and failed to return records belonging to his client, thereby violating Disciplinary Rules 6–101(A)(3) and 9–102(B)(4) of the *Code of Professional Responsibility.*

■ Under Count II, we find that in 1982 Andi Higgins paid the Respondent $500 to represent him in the Gary City Court. After entering a plea of not guilty on behalf of Higgins and requesting a continuance, the Respondent, in November of 1982, withdrew his representation. He subsequently moved to California. The Respondent later wrote Higgins and refunded $250 of the fee, but he did so after Higgins filed a Request for Investigation with the Disciplinary Commission. The Respondent did not return Higgins' papers. From the foregoing findings we conclude that the Respondent withdrew from employment without giving due notice, thereby violating Disciplinary Rule 2–110(A)(2).[1]

■ We find, relative to the charges under Count III, that in August of 1982 the Respondent persuaded Thomas Stone to dismiss Stone's attorney, Zarko Sekerez and to employ the Respondent in a pending dissolution matter. Stone retained the Respondent and paid him a $200 fee. The Respondent drafted a letter for Stone whereby Stone dismissed Sekerez. On August 30, 1982, the Respondent entered his appearance on behalf of Stone in the dissolution matter. He took no further action and subsequently moved to California. The Respondent did not inform Stone of his move nor did he withdraw as Stone's counsel of record. He also retained the fee Stone had paid him and did not return it until Stone had filed a Request for Investigation with the Disciplinary Commission. By the foregoing conduct, the Respondent has once again violated Disciplinary Rules

---

**1.** Pursuant to a 1984 Amendment renumbering the Rule, Disciplinary Rule 2–110(A)(2) is now

2–110(A)(2) and (3) [2] of the *Code of Professional Responsibility* by failing to give due notice of his withdrawal and failing to promptly refund any part of the fee. The Respondent's conduct is further violative of Disciplinary Rule 2–103(A) in that the Respondent has recommended himself for employment.

The Respondent in this case simply moved out of the state and abandoned those whom he was hired and paid to represent, without even informing them of his leaving the state. Such callous disregard for ones clients indicates a serious lack of understanding of the lawyer's obligation to his clients. Though the specific nature of each individual act of misconduct may indicate only an act of negligence, the string of abandoned clients, cases and failures to withdraw set out a pattern of professional unfittness which warrants a period of suspension. In light of the foregoing findings and consideration, and by reason of the misconduct found herein, the Respondent, Woodrow E.U. Wilcox, Jr., is hereby suspended for a period of two years beginning October 1, 1984.

Costs of this proceeding are assessed against the Respondent.

Disciplinary Rule 2–109(A)(2).

**2.** Pursuant to a 1984 Amendment renumbering the Rules, Disciplinary Rules 2–110(A)(2) and

(3) now appear as Disciplinary Rules 2–109(A)(2) and (3).